

WESTERMAN BALL EDERER
MILLER & SHARFSTEIN, LLP

1201 RXR Plaza, Uniondale, NY 11556   tel 516.622.9200   fax 516.622.9212

William E. Vita, Esq.
Ext. 352
Email: wvita@westermanllp.com

May 10, 2011

*Via Electronic Filing*
Honorable William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza, Room 1034
P.O. Box 9014
Central Islip, New York 11722-4449

Re: Joseph Murphy and Nancy Murphy v. Stuart Snyder, Doreen Snyder, BBSEA Associates, LLC, S&D Development, LLC, S&D Development, Inc., Michael Maisel, Neil Shirvan, 40 Bogert Road LLC, 42 Everett LLC and S&D Contracting, Inc. Case No.: 10 CV 1513 (JS) (WDW)

Dear Magistrate Judge Wall:

I submit this letter motion on behalf of plaintiffs Joseph and Nancy Murphy (the "Murphys") in connection with the above-referenced action.

The Murphys need your assistance. As you know, we brought this action on April 6, 2010. Because this litigation involves a dispute between family members, our interest from the outset was to try to get the parties to resolve their dispute expeditiously and to avoid a protracted, expensive and emotional litigation. With that goal in mind, as soon as counsel for defendants appeared, we made several attempts to get the parties to sit down and discuss the dispute. Although counsel for defendants indicated numerous times that he thought such a meeting would be a good idea, all of our efforts to set up such a meeting were unavailing.

Then, on January 4, 2011, *with the consent of counsel for defendants*, we wrote to Your Honor to request a settlement conference before Your Honor. We hoped that a meaningful settlement discussion would ensue. The Murphys attended the January 28, 2011 conference before Your Honor prepared to discuss a settlement of their dispute in good faith. However, at the January 28, 2011 settlement conference, counsel for defendants Marc Greenberg appeared without his clients and informed us *for the first time* that it was too early to discuss any settlement of the case. Once again, we felt that we had been misled.

As such, we proceeded to the discovery portion of the case. On February 25, 2011, we served defendants with Interrogatories and Demands for the Production of Documents.[1] Copies of the Interrogatories and Demands for the Production of Documents are collectively attached hereto as Exhibit "A".[2] Defendants' responses were due on or before April 1, 2011. To date, we have not received any responses. Indeed, all of our attempts to obtain the outstanding responses have gone unanswered --- counsel for defendants has wholly ignored our numerous phone calls and letters and has not made any effort to discuss this matter with us. The following is an outline of our attempts to obtain defendants' responses to our discovery demands:

- On February 25, 2011, plaintiffs served their discovery demands. Responses were due on or before April 1, 2011.

- On March 28, 2011, I received a letter dated March 25, 2011 from Marc Greenberg, counsel for defendants, requesting additional time to respond to plaintiffs' discovery demands. Tellingly, there was no indication of how much time was required. A copy of that letter is attached hereto as Exhibit "C".

- On March 28, 2011, I called Mr. Greenberg to discuss his request for additional time to response to plaintiffs' discovery demands. He never returned my call.

- On April 14, 2011, my colleague, Kristen McHale, called and wrote to Mr. Greenberg regarding defendants' outstanding discovery responses. A copy of Ms. McHale's letter to Mr. Greenberg is attached hereto as Exhibit "D". In that letter, she requested that counsel for defendants provide responses to our discovery requests on or before April 22, 2010. Mr. Greenberg did not return her call.

- On April 25, 2011, we received a letter dated April 21, 2011 from Mr. Greenberg indicating that he was unable to proceed to depositions. Mr. Greenberg's letter failed to mention defendants' outstanding discovery responses. Ms. McHale called Mr. Greenberg regarding his letter as well as defendants' outstanding discovery responses. Mr. Greenberg did not return her call.

- On April 27, 2011, Ms. McHale wrote to Mr. Greenberg a second time regarding defendants' outstanding discovery responses. A copy of her letter is attached hereto as Exhibit "E". In the letter, Ms. McHale indicated, among other things, that if defendants' responses were not received by May 3, 2011, we would raise defendants' failure to so respond with Your Honor.

---

[1] We also served defendants with Notices to Admit pursuant to Fed. R. Civ. P. 36. Copies of the Notices to Admit are attached hereto as Exhibit "B". As defendants have not provided responses to these Notices to Admit, all matters therein are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

[2] To date, defendants have not served plaintiffs with any discovery demands.

- On May 2, 2011, we received an email from Mr. Greenberg, in which he requested "some additional time" to respond to the discovery demands. A copy of Mr. Greenberg's email and my response thereto is attached as Exhibit "F". Notably, Mr. Greenberg did not indicate how much additional time he required. I responded that, as a courtesy, I would extend defendants' time to reply once again to and including Friday, May 6, 2011. We did not receive any responses by May 6, 2011.

As set forth above, we've made numerous attempts to discuss this matter with Mr. Greenberg. Mr. Greenberg never returned our calls. In addition, without having a single conversation with Mr. Greenberg, we extended defendants' time to reply to our discovery demands *four* times. Clearly, defendants are doing everything they can to drag out this process --- agreeing to meet to discuss settlement with plaintiffs yet failing to do so, avoiding our discovery requests, phone calls and letters and obstructing our ability to move forward with this matter. As a result of defendants' delay, we have had to put off depositions in this matter. There are several defendants in this action, and a lot of people to depose. Our client is interested in moving this case forward.

Defendants must not be permitted to delay this case any longer. Enough is enough. Only an order from the Court will get defendants to produce the documents and information we need. Based on the foregoing, we ask that you order defendants to promptly provide responses to all of the outstanding Interrogatories and Demands for the Production of Documents.

Respectfully submitted,

*/s/ William E. Vita*

WEV: km
Att.
cc: Law Office of David Watkins
285 Closter Dock Road
Closter, NJ 07624
(201) 768-0301
Attorneys for Defendants Stuart Snyder,
Doreen Snyder, BBSEA Associates, LLC,
S&D Development, LLC, S&D Development, Inc.,
Michael Maisel, Neil Shirvan, 40 Bogert Road LLC,
42 Everett LLC and S&D Contracting, Inc.