**WBEM&S** — WESTERMAN BALL EDERER MILLER & SHARFSTEIN, LLP

1201 RXR Plaza, Uniondale, NY 11556   tel 516.622.9200   fax 516.622.9212

William E. Vita, Esq.
Ext. 352
Email: wvita@westermanllp.com

June 10, 2011

***Via Electronic Filing***
Honorable William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza, Room 1034
P.O. Box 9014
Central Islip, New York 11722-4449

> Re: Joseph Murphy and Nancy Murphy v. Stuart Snyder, Doreen Snyder, BBSEA Associates, LLC, S&D Development, LLC, S&D Development, Inc., Michael Maisel, Neil Shirvan, 40 Bogert Road LLC, 42 Everett LLC and S&D Contracting, Inc. Case No.: 10 CV 1513 (JS) (WDW)

Dear Magistrate Judge Wall:

We submit this second letter motion on behalf of plaintiffs Joseph and Nancy Murphy (the "Murphys") in connection with the above-referenced action as a result of defendants' deficient discovery responses and failure to comply with Your Honors' order dated May 19, 2011 (the "Order"). A copy of the Order is attached hereto as Exhibit "A".

As you know, we were previously forced to make a motion before Your Honor after defendants failed to respond to plaintiffs' discovery demands and/or communicate with us in a meaningful way regarding defendants' outstanding responses. On May 19, 2010, Your Honor ordered defendants to provide complete responses to plaintiffs' Interrogatories and Demands for the Production of Documents by May 27, 2011. In addition, defendants were precluded from making any objections to plaintiffs' discovery demands. We received responses from defendants on May 27, 2011. They were deficient in the following ways:

- All ten defendants <u>wholly</u> failed to respond to plaintiffs' Demands for the Production of Documents;

- Defendants' interrogatory responses are woefully incomplete. *See, e.g.,* the interrogatories and documents demands we served on defendant BBSea Associates, LLC ("BBSea") and BBSea's Answer to Interrogatories, attached hereto as Exhibits "B" and "C", respectively, at No. 2 (indicating, in response to our interrogatory regarding the entity's formation and related business information, that "Date of formation and other information to follow" --- this information is clearly within BBSea's possession and

should have been provided on May 27th); at No. 19 (offering no response to the question "what did you do with the $275,000.00?");

- Defendants objected to numerous interrogatories despite the fact that they are precluded from doing so under the Order. *See, e.g.,* Exhibit "C" at responses nos. 6 – 8; and

- None of the interrogatory responses were signed or verified, yet Fed. R. Civ. P. 33 requires that each interrogatory be answered in writing "under oath" and that "[t]he person who makes the answer must sign them".

In addition, defendants purported to respond to plaintiffs' Notices to Admit. We served the Notices to Admit on February 25, 2011, and defendants provided their purported responses on May 27, 2011. <u>Yet, the matters in plaintiffs' Notices to Admit were deemed admitted by operation of law when defendants failed to timely respond or object to the Notices to Admit.</u> *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves . . . a written answer or objection addressed to the matter . . ."). Indeed, as Fed. R. Civ. P. 36(b) provides, "A matter admitted under this rule is conclusively established unless the court, <u>on motion,</u> permits the admission to be amended or withdrawn" (emphasis added). As such, unless defendants move the Court and the Court permits the admissions to be amended or withdrawn, all of the matters in plaintiffs' Notices to Admit are hereby admitted and conclusively established. *See Raymond Ng v. HSBC Mortgage Corp.,* No. CV-07-5434, 2009 WL 205048, * 4 (E.D.N.Y. Jan. 27, 2009) ("Under Rule 36, once matters are admitted by operation of the rule because a party fails to respond to a Request for Admissions within 30 days, the only recourse available is a motion to withdraw the admission under Rule 36(b).).

On June 2, 2011, we wrote to counsel for defendants to advise him of the foregoing deficiencies. A copy of this letter is attached hereto as Exhibit "D". Specifically, we requested that defendants respond to our document demands, provide complete responses to our interrogatories, withdraw their objections and verify their interrogatory responses by Wednesday, June 8, 2011. We further advised defendants that we rejected their purported responses to plaintiffs' Notices to Admit and explained our basis for so doing.

On June 8, 2011, defendants responded to our letter. A copy of defendants' response is attached as Exhibit "E". In it, counsel for defendants stated that he had forwarded our requests for "additional" information to his client and that it was unrealistic for us to "expect further answers in this short amount of time." Counsel for defendants did not indicate *when* we could expect a response. Furthermore, we did not request "additional" information in our June 2, 2011 letter. Rather, defendants failed to provide complete responses to our original discovery demands despite being ordered by you to do so, and we wrote to defendants to request that complete responses to our original demands be provided.

Counsel for defendants also indicated that he received no documents from his clients. Yet, even if defendants' responses are that defendants are not in possession of any responsive documents, defendants must still provide a written response to each category of documents

requested in our demands for the production of documents. *See* Fed. R. Civ. P. 34(b)(2). <u>More importantly, it is simply not believable that defendants have no responsive documents whatsoever, and defendants' failure to produce documents relevant to this action severely prejudices plaintiffs</u>. For example, BBSea gives vague and incomplete answers in response to Interrogatory Nos. 13 and 15 – 19 regarding the $275,000 that plaintiffs wired to BBSea in accordance with defendant Stuart Snyder's instructions. *See* Exhibits "B" and "C" at Interrogatories Nos. 13 and 15 – 19. Yet, plaintiff Joseph Murphy received an email on behalf of Stuart Snyder with specific instructions for wiring money to BBSea's bank account and plaintiff Joseph Murphy followed those instructions and wired $275,000.00 to BBSea's bank account. Copies of this email and proof of the wire transfer are attached hereto as Exhibits "F" and "G", respectively. As such, in our demands for documents, we requested all of BBSea's bank account information so that we could trace what defendant BBSea did with plaintiffs' money. *See* Exhibit "B" at Document Demand Nos. 2 and 3. Are we really to believe that BBSea has no documents relating to its own bank accounts? Furthermore, we requested tax returns, information regarding BBSea's real estate projects, its assets, its investors and more. It is simply not feasible that BBSea has <u>no</u> documents related to its business. It is even more egregious that all of the other defendants appear to take the position that they too have no documents in their possession. Indeed, the email attached hereto as Exhibit "F" is clearly a responsive document that should have been produced by defendant S&D Contracting, Inc.

Finally, in his June 8, 2011 letter, counsel for defendants did not withdraw the objections raised in defendants' responses to our interrogatories (despite this Court's direct order not to assert any objections) and he failed to indicate if and when the responses would be verified.

Defendants' actions are a clear violation of the Order and are interfering with plaintiffs' rights to pursue their claims. Based on the foregoing, we respectfully request an order striking defendant's pleadings for failure to comply with the Order and entering judgment for plaintiffs on their claims herein. In the alternative, we request an order compelling defendants to provide <u>complete</u> <u>verified</u> responses to our interrogatories with no objections as well as <u>complete</u> responses to our demands for documents. Further, plaintiffs' Notices to Admit must be deemed admitted as defendants have not moved the Court to permit the untimely filing of responses to the Notices to Admit. We also request an award for our attorneys' fees and other costs incurred in bringing this application.

                                              Respectfully submitted,

                                             */s/ William E. Vita*

WEV: km
Att.

Honorable William D. Wall
June 10, 2011
Page 4

cc: Law Office of David Watkins (via ECF)
  285 Closter Dock Road
  Closter, NJ 07624
  (201) 768-0301
  Attorneys for Defendants Stuart Snyder,
  Doreen Snyder, BBSEA Associates, LLC,
  S&D Development, LLC, S&D Development, Inc.,
  Michael Maisel, Neil Shirvan, 40 Bogert Road LLC,
  42 Everett LLC and S&D Contracting, Inc.