UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH MURPHY, et al.,

                        Plaintiff(s),

      -against-

STUART SNYDER, et al.,

                       Defendant(s).
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 10-1513 (JS) (WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court is the third letter motion submitted by plaintiffs Joseph Murphy and Nancy Murphy regarding defendants' failures to comply with discovery demands and with the undersigned's orders. *See* Docket Entry ("DE") [39]. Plaintiffs seek an order striking defendants' pleadings and entering judgment for plaintiffs. Defendants have not opposed the motion. For the reasons set forth below, it is recommended that the motion be granted, that defendants' answers be stricken and a default entered, and that plaintiffs be permitted to submit papers in support of their damages.[1]

## BACKGROUND

In this action, plaintiffs seek recovery of $375,000 paid to the defendants "for use in connection with certain building projects." Compl. ¶ 3, DE [1]. The complaint contains causes of action for, *inter alia,* breach of contract, conversion, unjust enrichment, and fraudulent inducement. There is an intrafamilial element at play in this action as plaintiff Joseph Murphy is the brother and brother-in-law of defendants Doreen Snyder and Stuart Snyder, respectively.

---

[1] Since I find that there are sufficient grounds to grant plaintiffs' motion, I am addressing their application in a report and recommendation to Judge Seybert pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.

*Id.* ¶39.

A Scheduling Order was entered on January 5, 2011 that established a discovery deadline of September 16, 2011. Order of 1/5/11, DE [28]. On May 10, 2011, plaintiffs moved to compel defendants' responses to document demands and interrogatories served on February 25, 2011. *See* DE [33]. Defendants did not respond to the motion. The motion was granted, both on the merits and unopposed, by Order dated May 19, 2011. *See* Order of 5/19/11, DE [34]. Defendants were directed to comply with all outstanding discovery by May 27, 2011, and were advised that any objections were deemed waived. In addition, plaintiffs were awarded $200.00 as reasonable costs pursuant to Rule 37(a)(5)(A) of the Federal Rules.

Plaintiffs' second motion concerning this same discovery was submitted on June 10, 2011. *See* DE [35]. Plaintiffs noted that while defendants served some responses by the deadline established by my prior order, those responses were deficient, and according to plaintiffs, defendants resisted subsequent requests to cure those deficiencies. Plaintiffs sought an order striking defendants' pleadings for failure to comply with the court order. In light of defendants' failure to submit any opposition the first motion, I directed them to respond to the second motion, which they did.

By Order dated June 29, 2011, I detailed the significant deficiencies in defendants' purported responses, characterized those responses as "woefully deficient," and found defendants' conduct to be willful, cavalier, and sanctionable. *See* Order of 6/29/11, DE [37]. I directed defendants to serve complete, meaningful responses to the demands by July 8, 2011. Although plaintiffs sought an order striking defendants' answers, I noted that "it is appropriate to attempt other sanctions before resorting to the drastic relief suggested by plaintiffs" and imposed

the plaintiffs' costs as a sanction.² *Id.* at 6. Finally, I warned defendants "that should they continue their obstreperous conduct regarding discovery responses, I will not hesitate to impose additional sanctions including, but not limited to, a recommendation that their answer be stricken and that a default judgment be entered against them." *Id.*

Despite my order directing production of responses by July 8, 2011, the imposition of monetary sanctions, and the warnings, defendants have failed to comply. By motion dated July 15, 2011, plaintiffs advised that defendants have not supplemented their responses, nor has defense counsel returned plaintiffs' counsel's telephone calls to discuss the case. *See* DE [39]. Plaintiffs again request an order striking defendants' answers and entering judgment for plaintiffs. Despite the seriousness of the circumstances, defendants failed to submit any opposition to the motion.

**DISCUSSION**

Rule 37 provides a range of sanctions for failure to comply with a court order including, *inter alia,* striking pleadings. Fed. R. Civ. P. 37 (b)(2)(A)(iii). Here, the court ordered the defendants to comply with all outstanding discovery demands or face an order striking their answers and they failed to comply with that order. It is well settled that "[a]though entry of a default judgment is an extreme measure, discovery orders are meant to be followed." *2W Prod. Corp. v. Y & P Wholesale, Inc.,* 2009 WL 29311, at *3 (E.D.N.Y. Jan. 5, 2009) (quoting *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995)). Rule 37 sanctions have multiple objectives: to "ensure that a party will not benefit from its own failure to comply," to serve as a specific deterrent to obtain compliance with a specific order, and to "serve a general

---

²Plaintiffs' fee application, which defendants have not opposed, is *sub judice.*

3

deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 71 (2d Cir. 1988).

The decision of whether to impose sanctions is left to the sound discretion of the court. *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642 (1976) (per curiam). Among the factors to be considered when imposing sanctions are "(1) the willfulness of the non-compliant party or the reason for the non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." *Nieves v. City of New York,* 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing *Bambu Sales,* 58 F.3d at 852-54). Whether the imposition of lesser sanctions would prejudice the moving party may also be considered. *See Stirrat v. Ace Audio/Visual, Inc.*, 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004) (citations omitted).

Entry of a default for non-compliance with court orders is appropriate where a party's failure to comply is attributable to willfulness, bad faith, or fault. *See, e.g., 2W Prod. Corp.,* 2009 WL 29311, at *3. I previously found defendants' conduct to be willful and, as they have not found the current motion to be worthy of a response, I have been presented with no reason to change that determination. Given their blatant disregard of my orders, I find that they have acted willfully and in bad faith.

It is also apparent from defendants' conduct that lesser sanctions have no effect on defendants. Despite those sanctions, defendants continue to flout their obligations and maintain their pattern of discovery abuse. Plaintiffs have clearly been prejudiced by the defendants'

complete failure to meaningfully participate in discovery, to comply with the rules of discovery and to comply with the court's orders. *See Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law" (citation omitted)). Lesser sanctions have been imposed to no effect, and further sanctions of this sort would likely be futile and result in further prejudice to plaintiffs. *See Stirrat,* 2004 WL 2212096, at *2. Accordingly, it is appropriate to impose the most drastic sanction.

Finally, the non-compliance has continued for many months, and defendants have been explicitly and repeatedly warned of the consequences of their inaction. Thus, I find that all factors favor a recommendation that defendants' answers be stricken. It is respectfully recommended that plaintiffs' motion be granted, and that the Court exercise its authority pursuant to Rule 37(b)(2)(A)(iii) to strike defendants' pleadings and enter a default judgment against them.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, 2008 WL 4951035 at *2 (2d Cir. Nov. 20, 2008); *Beverly*

*v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 28, 2011

    /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge