```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH J. MURPHY and NANCY MURPHY,

                        Plaintiffs,

            -against-                          MEMORANDUM & ORDER
                                               10-CV-1513(JS)(AKT)
STUART SNYDER; DOREEN SNYDER;
BBSEA ASSOCIATES, LLC; S&D
DEVELOPMENT, LLC; S&D DEVELOPERS
LIMITED LIABILITY COMPANY; S&D
DEVELOPMENT, INC.; MICHAEL MAISEL;
NEIL SHIRVAN; 42 EVERETT LLC; 40
BOGERT RD LLC; and S&D CONTRACTING,
INC.,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:         William Edward Vita, Esq.
                        Westerman Ball Ederer
                            Miller & Sharfstein, LLP
                        1201 RXR Plaza
                        Uniondale, NY 11501

For all Defendants[1]:  Marc A. Greenberg, Esq.
                        Law Office of David Watkins
                        285 Closter Dock Road
                        Closter, NJ 07624

For the Snyder
Defendants:             Gabriel Levinson, Esq.
                        Tarter Krinsky & Drogin, LLP
                        1350 Broadway
                        New York, NY 10018

For Defendant
S&D Development,
LLC:                    David Layne Stevens, Esq.
                        Scura Mealey Wigfield & Heyer
```

---

[1] Mr. Greenberg and the Law Office of David Watkins still appear on the docket, although some Defendants have obtained new counsel. The Court will therefore separately list additional appearances for the relevant Defendants.

                        1599 Hamburg Turnpike
                        Wayne, NJ 07470

For Defendant
Maisel:                 David Parker, Esq.
                        Netra Sreeprakash, Esq.
                        Kleinberg, Kaplan, Wolff & Cohen
                        551 Fifth Avenue, 18th Floor
                        New York, NY 10176

For Defendant
Shirvan:                Samuel D. Levy, Esq.
                        Sherica Rene Bryan, Esq.
                        Wuersch & Gering, LLP
                        100 Wall Street, 21st Floor
                        New York, NY 10005

SEYBERT, District Judge:

Currently pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), issued on March 8, 2013. For the following reasons, the R&R is ADOPTED in its entirety.

BACKGROUND

The Court assumes familiarity with the underlying facts of this case, which are described in detail in Judge Tomlinson's R&R. Briefly, Plaintiffs Joseph and Nancy Murphy (together, "Plaintiffs" or, the "Murphys") commenced this action on April 6, 2010 against Defendants Stuart Snyder; Doreen Snyder; BBSea Associates, LLC; 42 Everett LLC; 40 Bogart Rd LLC; S&D Contracting, Inc. (collectively, the "Snyder Defendants"); S&D Development LLC; S&D Developers Limited Liability Company; S&D Development, Inc.; Michael Maisel; and Neil Shirvan

2

(collectively "Defendants") for, inter alia, breach of contract, conversion, unjust enrichment, and fraudulent inducement stemming from Plaintiffs' investments in Defendants' building projects.

On May 10, 2011, Plaintiffs filed a discovery motion with the magistrate judge assigned to the case at that time, Magistrate Judge William D. Wall. (Ps' First Disc. Mot., Docket Entry 33.) Plaintiffs explained that Defendants had not responded to their interrogatories and requests for documents and, despite Plaintiffs' attempts to contact counsel for Defendants, Marc A. Greenberg, Esq. of the Law Office of David Watkins (the "Watkins Law Firm"), discovery responses were not forthcoming. (Ps' First Disc. Mot. at 2-3.) Judge Wall thereafter issued an Order compelling Defendants to respond to the outstanding discovery requests and imposing a $200 sanction against Defendants. (Wall Sanction Order 1, Docket Entry 34.)

On June 10, 2011, Plaintiffs filed a second discovery motion, arguing that Defendants' discovery responses were deficient, that Defendants' pleadings should be stricken, and that judgment should be entered in Plaintiffs' favor. (Ps' Sec. Dis. Mot., Docket Entry 35.) Judge Wall agreed that Defendants' responses were "woefully deficient" and again ordered Defendants to respond but declined to strike Defendants' answers. (Wall Sanction Order 2, Docket Entry 37, at 1.) Rather, Judge Wall

3

sanctioned Defendants pursuant to Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2)(C) and told Plaintiffs to submit a fee application for their time spent reviewing Defendants' deficient responses, making an effort to resolve the deficiencies with defense counsel, making the motion to compel, and preparing the fee application. (Wall Sanction Order 2 at 6.) Plaintiffs submitted their fee application and, upon review, Judge Wall awarded them attorneys fees in the amount of $2,513. (Wall Sanction Order 3, Docket Entry 41.)

On July 15, 2011, Plaintiffs again wrote to the Court, noting that Defendants continued to defy Judge Wall's orders and once more requesting that Judge Wall strike Defendants' answers and enter judgment in Plaintiffs' favor. (Ps' Third Disc. Mot., Docket Entry 39.) Thirteen days later, Judge Wall issued an R&R recommending that the Court strike Defendants' pleadings and award judgment for the Murphys. (Wall R&R, Docket Entry 40.) There were no objections to Judge Wall's R&R, and this Court adopted the R&R in its entirety on September 15, 2011. (Docket Entry 43.)

Plaintiffs then moved for damages, which the Court referred to the new magistrate judge assigned to the case, Magistrate Judge Gary R. Brown. (Ps' Damages Mot., Docket Entry 44.) Judge Brown recommended, in a currently pending R&R, that Plaintiffs be awarded $450,000 in damages, plus pre- and post-

4

judgment interest, costs, and previously awarded sanctions. (Brown R&R, Docket Entry 47.) Shortly after Judge Brown's R&R, Defendants filed several motions. <u>First</u>, Defendant Shirvan filed his motion to vacate. (Shirvan Vacatur Mot., Docket Entry 51.) <u>Second</u>, Defendants Maisel and S&D Development LLC moved to vacate. (Maisel Vacatur Mot., Docket Entry 55.) <u>Finally</u>, the Snyder Defendants also sought vacatur. (Snyder Ds' Vacatur Mot., Docket Entry 61.) The Court referred these motions to Judge Brown, and, while they were pending, the case was reassigned to Magistrate Judge A. Kathleen Tomlinson.

<u>DISCUSSION</u>

Judge Tomlinson issued a detailed and comprehensive R&R addressing Defendants' vacatur motions and Judge Brown's still pending R&R regarding damages. Judge Tomlinson makes the following recommendations: (1) Defendants' motions to vacate the default judgments entered against them be granted; (2) that the Court set aside as moot Magistrate Judge Brown's previous R&R based upon the developments in the case since that time; (3) that the Snyder Defendants' motion to amend (contained in their motion to vacate) be denied; and (4) that the sanctions previously awarded by Judge Wall in the amount of $2,713 be enforced as a condition to vacating the Defendants' defaults. In response to Judge Tomlinson's R&R, Defendant Shirvan has filed a limited objection, objecting only to that portion of the

5

R&R recommending sanctions against Defendants. No other objections have been filed.

The Court will first address the standard of review before turning to Shirvan's limited objection and the remaining portions of the R&R.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Shirvan's Objection

Judge Tomlinson recommends that this Court condition vacatur upon Defendants' payment of outstanding sanctions in the amount of $2,713. (R&R at 38.) Defendant Shirvan objects to this recommendation because the "willful, cavalier attitude" that Judge Wall found warranted sanctions was not that of Shirvan, but rather of counsel Mr. Greenberg. (Ob. Mot., Docket Entry 100, at 2-3.) While the Court sympathizes with this argument, Shirvan's objections are OVERRULED.

7

As Shirvan correctly notes, "[w]hile each of Defendants had different facts to support their motions [to vacate], at the core of each motion was the fact that Defendants' former counsel, the New Jersey-based Watkins Law Firm, effectively abandoned them in their litigation and defense of this case." (Ob. Mot. at 1.) Moreover, in her R&R, Judge Tomlinson found that the Watkins Law Firm "for all intents and purposes, had abandoned the litigation as reflected in court records." (R&R at 15.) Nonetheless, Judge Tomlinson recommends that vacatur be conditioned upon Defendants' payment of sanctions based upon Judge Wall's previous orders.

Federal Rule of Civil Procedure 60(b) provides that the Court may vacate a judgment "[o]n motion and just terms." (emphasis added). "Accordingly, a district court may impose certain conditions on the parties in conjunction with the granting of a Rule 60(b) motion 'to remedy any prejudice that the non-defaulting party suffered as a result of the default and the granting of the motion.'" Richardson v. Nassau Cnty., 184 F.R.D. 497, 503 (E.D.N.Y. 1999) (quoting Henderson v. Wishinski, No. 95-CV-5059, 1997 WL 83413, at *3 (S.D.N.Y. Feb. 27, 1997)). Typically, the result is that courts will liberally construe motions for attorneys' fees incurred in connection with bringing the motion for default. Id. (collecting cases).

The Court finds that conditioning vacatur on Defendants' payment of the previously imposed sanctions of $2,713 is just. Although willfulness is not a necessary prerequisite, where, as here, the default was indeed willful, courts have imposed reasonable attorneys' fees and costs in bringing the motion for default. See, e.g., S.E.C. v. Hasho, 134 F.R.D. 74, 77 (S.D.N.Y. 1991); Kumar v. Ford, 111 F.R.D. 34, 40 (S.D.N.Y. 1986). In the case at bar, the sanctions imposed are primarily for the attorneys' fees and costs Plaintiffs incurred in bringing their second discovery motion, compelling Defendants' discovery responses, and attempting to resolve the deficiencies in Defendants' responses. (Wall Sanction Orders 1, 2, and 3.) It was these discovery abuses that led to the default. In fact, shortly after their second discovery motion, Plaintiffs filed a short letter motion again noting Defendants' failure to comply with discovery orders, and Judge Wall recommended striking Defendants' pleadings and entering a default judgment for Plaintiffs. (Ps' Third Disc. Mot.; Wall R&R.) Therefore, the sanctions that Judge Wall imposed are essentially for the attorneys' fees and costs incurred in bringing the motion for default.

Moreover, and while Shirvan's argument is reasonable given the consistent allegations of all Defendants regarding gross negligence by the Watkins Law Firm, objection to the R&R

9

is not the appropriate vehicle for the relief Shirvan seeks. Shirvan takes issue with who should pay the sanctions, not whether they should be paid. However, Judge Wall's orders impose the outstanding sanctions on Defendants, with no mention of counsel. (Wall Sanction Orders 1, 2, and 3.) Judge Tomlinson reiterated that these sanctions had not yet been paid and recommended conditioning vacatur on such payment "[i]n light of the fact that this Court has found the Defendants' defaults willful." (R&R at 38.) In her discussion of willfulness, Judge Tomlinson made no explicit finding as to whether the willfulness of the default would or would not be imputed to the Defendants. Instead, she simply found that if Defendants wish to continue this litigation, they must pay the sanctions that have been pending for over a year and a half. Thus, whether Defendants may ultimately seek those damages from the Watkins Law Firm or its attorneys is not the subject of the R&R.

III. Remaining R&R

As noted, Shirvan's limited objection was the only objection received by the Court. In addition to Judge Tomlinson's recommendation regarding payment of sanctions, the Court has reviewed Judge Tomlinson's additional recommendations and the complete R&R. Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned and free of clear error.

## CONCLUSION

Defendant Shirvan's objection is OVERRULED and Judge Tomlinson's R&R is ADOPTED in its entirety.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 29, 2013
 Central Islip, NY