```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH J. MURPHY and NANCY MURPHY,

                        Plaintiffs,

        -against-                          MEMORANDUM & ORDER
                                           10-CV-1513(JS)(AKT)
STUART SNYDER; DOREEN SNYDER;
BBSEA ASSOCIATES, LLC; S&D
DEVELOPERS LIMITED LIABILITY
COMPANY; S&D DEVELOPMENT, INC.;
42 EVERETT LLC; 40 BOGERT RD LLC;
and S&D CONTRACTING, INC.,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     William Edward Vita, Esq.
                    Westerman Ball Ederer Miller
                      & Sharfstein, LLP
                    1201 RXR Plaza
                    Uniondale, NY 11501

For Defendants[1]:  No appearances[2].
```

SEYBERT, District Judge:

Currently pending before the Court is plaintiffs Joseph Murphy and Nancy Murphy's (together, "Plaintiffs") motion to strike the answers of certain defendants and for default judgment against them (Docket Entry 121) as well as Magistrate

---

[1] The docket also lists S&D Developers Limited Liability Company as a separate entity. It appears that this entry may be in error, however, as the Amended Complaint does not include S&D Developers Limited Liability Company in the caption.

[2] It appears as though Stuart Snyder and Doreen Snyder have made some relatively recent appearances in this action pro se. Nonetheless, the docket does not formally list such appearances.

Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") addressing the motion (Docket Entry 133). For the following reasons, the R&R is ADOPTED in its entirety.

BACKGROUND

The Court assumes familiarity with the procedural and factual backgrounds of this case, which are set forth in great detail in Judge Tomlinson's currently pending R&R, as well as her prior R&R dated March 8, 2013 (Docket Entry 95) and the Court's Memorandum and Order dated March 29, 2013 (Docket Entry 101). Briefly, Plaintiffs commenced this action on April 6, 2010 against a host of defendants, many of whom have since been dismissed, alleging breach of contract, conversion, unjust enrichment, fraudulent inducement, breach of fiduciary duty, money had and received, and an accounting.

Put simply, Plaintiffs entered into two investment agreements with defendant Stuart Snyder and defendant Doreen Synder (together, the "Snyder Defendants")--Mr. Murphy's brother-in-law and sister respectively--in which they agreed to pay a total of $375,000 in connection with residential real estate projects in Haworth, New Jersey and Greenwich, Connecticut. (R&R at 1-2.) Plaintiffs allege that they were to receive 20% returns on their investments pursuant to the agreements. (R&R at 2.) Plaintiffs did not receive a return on

2

their investments, and instead the funds were converted for personal use. (R&R at 2.)

Plaintiffs now seek to recover damages against the Snyder Defendants and the following corporate entities under the Snyder Defendants' control: BBSea Associates, LLC; S&D Development, Inc.; 40 Bogert Rd, LLC; 42 Everett LLC; and S&D Contracting, Inc. (collectively, the "Corporate Defendants" and together with the Snyder Defendants, "Defendants"). Specifically, by motion dated October 31, 2013, Plaintiffs move to strike Defendants' answers and for default judgment against them. (See Docket Entry 121.) On November 4, 2013, the undersigned referred this motion to Judge Tomlinson. (See Docket Entry 123.)

Judge Tomlinson issued her R&R on August 15, 2014. In it, she provides a detailed description of the procedural background of this case, including Defendants' history of failing to comply with their discovery obligations and Court orders. (See R&R at 5-11.) Ultimately, she recommends that the Amended Answer be stricken and that default judgment be entered against the Snyder Defendants and the Corporate Defendants on the breach of contract claim. (R&R at 38.) She further recommends that damages be awarded in the following amounts:

(1) Compensatory damages in the amount of $120,000 for Defendants' breach of the Haworth Agreement;

(2) Compensatory damages in the amount of $330,000 for Defendants' breach of the Connecticut Agreement;

(3) Pre-judgment interest on the $120,000 amount beginning July 1, 2009 and through the date of judgment;

(4) Pre-judgment interest on the $330,000 amount beginning June 4, 2010 and through the date of judgment;

(5) Post-judgment interest pursuant to 28 U.S.C. § 1961(a); and

(6) Costs in the amount of $350.00.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Tomlinson's R&R. And the Court finds her R&R to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

## CONCLUSION

Judge Tomlinson's R&R is ADOPTED in its entirety, and Plaintiffs' motion is GRANTED. Accordingly, the Court holds as follows:

(1) Defendants' Amended Answer is stricken;

(2) Default judgment is entered against Defendants;

(3) Plaintiffs are awarded compensatory damages in the amount of $120,000 for Defendants' breach of the Haworth Agreement;

(4) Plaintiffs are awarded compensatory damages in the amount of $330,000 for Defendants' breach of the Connecticut Agreement;

(5) Plaintiffs are awarded pre-judgment interest on the $120,000 amount beginning July 1, 2009 and through the date of judgment;

(6) Plaintiffs are awarded pre-judgment interest on the $330,000 amount beginning June 4, 2010 and through the date of judgment;

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

(7) Plaintiffs are awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a); and

(8) Plaintiffs are awarded costs in the amount of $350.

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __22__, 2014
        Central Islip, NY